**Electronically Filed
Supreme Court
SCPW-21-0000342
07-JUL-2021
01:50 PM
Dkt. 3 OGP**

SCPW-21-0000342

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STATE OF HAWAIʻI ex rel. Clare E. Connors,
Attorney General, Petitioner,

vs.

STATE OF HAWAIʻI 2021
REAPPORTIONMENT COMMISSION, Respondent.

---

ORIGINAL PROCEEDING

ORDER GRANTING PETITION FOR WRIT OF MANDAMUS
OR EXTRAORDINARY WRIT
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

The State of Hawaiʻi ex rel. Clare E. Connors, Attorney General of the State of Hawaiʻi ("Petitioner") has filed a petition for writ of mandamus or extraordinary writ, with the support of the State of Hawaiʻi 2021 Reapportionment Commission ("Commission"), to adjust the deadlines for the Commission to (1) issue public notice of its proposed legislative and congressional reapportionment plans and (2) file its final legislative and congressional reapportionment plans, by slightly less than six months. Upon consideration of the petition and the supporting documents, and given the unique circumstances faced by the Commission, the requested extraordinary writ is necessary and within this court's authority.

At the start of every decade, the United States Census Bureau ("Census Bureau") counts the total number of persons in each state. The following year, the Commission uses the data collected in the decennial census to reapportion the members of both houses of the State Legislature and the members of the U.S. House of Representatives allocated to Hawaiʻi among districts that are as of nearly equal population as is practicable. This year, however, due to the federal government's unprecedented and unforeseeable delay in transmitting census data to the States as a result of the COVID-19 pandemic, it is impossible for the Commission to meet the deadlines for issuing public notice of its proposed legislative and congressional reapportionment plans and filing its final legislative and congressional reapportionment plans as set forth under Haw. Const. art. IV, § 2 and HRS § 25-2.

Article IV, Section 2 of the Hawaiʻi Constitution sets forth deadlines regarding the formation of the Commission and the submission of legislative reapportionment and congressional reapportionment plans:

> **Section 2**. A reapportionment commission shall be constituted on or before May 1 of each reapportionment year and whenever reapportionment is required by court order. The president of the senate and the speaker of the house of representatives shall each select two members. Members of each house belonging to the party or parties different from that of the president or the speaker shall designate one of their number for each house and the two so designated shall each select two members of the commission. The eight members so selected, promptly after selection, shall be certified by the selecting authorities to the chief election officer and within thirty days thereafter, shall select, by a vote of six members, and promptly certify to the chief election officer the ninth member who shall serve as chairperson of the commission.

2

. . . .

Not more than one hundred fifty days from the date on which the members are certified, the commission shall file with the chief election officer a reapportionment plan for the state legislature and a reapportionment plan for the United States congressional districts which shall become law after publication as provided by law.

HRS § 25-2(a), which was recently amended by Act 14, Session Laws of Hawaiʻi 2021, sets forth additional requirements and deadlines for legislative reapportionment:

Legislative reapportionment. The commission shall reapportion the members of each house of the legislature on the basis, method, and criteria prescribed by the Constitution of the United States and article IV of the Hawaii State Constitution. For purposes of legislative reapportionment, a "permanent resident" means a person having the person's domiciliary in the State. In determining the total number of permanent residents for purposes of apportionment among the four basic island units, the commission shall only extract non-permanent residents from the total population of the State counted by the United States Census Bureau for the respective reapportionment year. The commission shall conduct public hearings and consult with the apportionment advisory council of each basic island unit. ***No more than one hundred days from the date on which all members are certified, the commission shall cause to be given in each basic island unit, public notice[] of a legislative reapportionment plan prepared and proposed by the commission.*** At least one public hearing on the proposed reapportionment plan shall be held in each basic island unit after initial public notice of the plan. At least twenty days' notice shall be given of the public hearing. The notice shall include a statement of the substance of the proposed reapportionment plan, and of the date, time, and place where interested persons may be heard thereon. The notice shall be given at least once in a basic island unit where the hearing will be held. All interested persons shall be afforded an opportunity to submit data, views, or arguments, orally or in writing, for consideration by the commission. ***After the last of the public hearings, but in no event later than one hundred fifty days from the date on which all members of the commission are certified, the commission shall determine whether the plan is in need***

3

> ***of correction or modification, make the correction or
> modification, if any, and file with the chief election
> officer, a final legislative reapportionment plan.***
> Within fourteen days after the filing of the final
> reapportionment plan, the chief election officer shall
> cause public notice [] to be given of the final
> legislative reapportionment plan which, upon public
> notice, shall become effective as of the date of
> filing and govern the election of members of the next
> five succeeding legislatures.

(Emphases added).  HRS § 25-2(b) sets forth additional
requirements and deadlines for congressional reapportionment:

> The commission shall first determine the total number
> of members to which the State is entitled and shall
> then apportion those members among single member
> districts so that the average number of persons in the
> total population counted in the last preceding United
> States census per member in each district shall be as
> nearly equal as practicable. . . .  ***Not more than
> one hundred days from the date on which the members
> are certified, the commission shall cause public
> notice to be given of a congressional reapportionment
> plan prepared and proposed by the commission.***  The
> commission shall conduct public hearings on the
> proposed plan in the manner prescribed under
> subsection (a).  At least one public hearing shall be
> held in each basic island unit after initial public
> notice of the plan.  ***After the last of the public
> hearings, but in no event later than one hundred fifty
> days from the date on which all members of the
> commission are certified, the commission shall
> determine whether or not the plan is in need of
> correction or modification, make the correction or
> modification, if any, and file with the chief election
> officer, a final congressional reapportionment plan.***
> Within fourteen days after filing of the final
> reapportionment plan, the chief election officer shall
> cause public notice to be given of the final
> congressional reapportionment plan which, upon public
> notice, shall become effective as of the date of
> filing and govern the election of members of the
> United States House of Representatives allocated to
> this State for the next five succeeding congresses.

(Emphases added).

Under the present constitutional and statutory
framework, the Commission's deadline to issue public notice of

4

its proposed legislative and congressional reapportionment plans is July 22, 2021, and its deadline to file its final legislative and congressional reapportionment plans is September 10, 2021.

Due to COVID-19-related delays, the Census Bureau has announced that it will not be able to provide 2020 census data to the states until between August 15 and August 31, 2021, and that delivery of the 2020 redistricting data would be delayed from March 31, 2021 to September 30, 2021.  Given this forecasted delay in the Census Bureau's release of the data, the Commission is unable to meet the time requirements under Haw. Const. art. IV, § 2 and HRS § 25-2.

The purpose of the deadlines set forth in Haw. Const. art. IV, § 2 and HRS § 25-2 is to provide a means for timely action by the Commission to conduct a reapportionment.  Taking this into consideration, together with the impossibility of compliance with the deadlines due to the extraordinary and unprecedented circumstances that we have faced over the past year -- a global public health crisis that has compelled the federal government to pause the decennial census and seek congressional authorization for an extension of its own deadline -- compels this court to provide relief in this instance.  The Hawaiʻi State Senate also recognized the need for relief when it adopted Senate Resolution No. 220, S.D. 1, which requested the Attorney General "to begin legal proceedings to . . . petition the Hawaii Supreme Court seeking relief to prevent action against the Reapportionment Commission for the Reapportionment Commission's

5

failure to meet statutory or constitutional deadlines relating to the 2021 reapportionment plans resulting from the United States Census Bureau's delay in delivering high quality data to the states and public[.]"

Thus, pursuant to this court's jurisdiction under article VI, section 1 of the Constitution of the State of Hawaiʻi, which provides this court with authority under HRS § 602-5(6) "[t]o make and award such judgments, decrees, orders and mandates, . . . and do such other acts and take such other steps as may be necessary to carry into full effect the powers . . . given to it by law or for the promotion of justice in matters pending before it[,]" and in light of the extraordinary and unprecedented circumstances at issue here, a narrow, one-time adjustment to the deadlines, to enable the relevant constitutional and statutory redistricting provisions otherwise to operate as written and intended, is appropriate.  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus or extraordinary writ is granted.  The Commission shall:

(1)  issue a public notice of the Commission's proposed legislative and congressional reapportionment plans no later than **January 8, 2022;** and

(2)  file its final legislative and congressional reapportionment plans with the Chief Election Officer no later than **February 27, 2022.**

6

We emphasize that these adjustments to the relevant deadlines are solely limited to the required notice and filing set forth in (1) and (2), above.  Should the federal government release the census data sooner, the Commission should make every effort to expedite its process and issue its public notice and final reapportionment plans in advance of the deadlines set forth in this order.

DATED: Honolulu, Hawaiʻi, July 7, 2021.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins